## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## (ATLANTA DIVISION)

| | | |
|---|---|---|
| **STACY JOLLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action** |
| **vs.** | ) | **File No. _____** |
| | ) | |
| **METROPOLITAN ATLANTA** | ) | |
| **RAPID TRANSIT AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

---

COMES NOW Plaintiff Stacy Jolly, by and through undersigned counsel, and for her cause of action against Defendant The Metropolitan Atlanta Rapid Transit Authority ("MARTA"), states and alleges as follows:

### NATURE OF THE CASE AND THE PARTIES

1. This is a civil action for damages and other relief against Defendant MARTA.

2. Under Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e *et seq*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*., and under section 504, 29 U.S.C. § 794, as well as, under the Americans with Disabilities

Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), the Age Discrimination in Employment

Act ("ADEA") 29 U.S.C. §621) and 42 U.S.C. §1981a(b).

3.    Plaintiff Stacy Jolly ("Jolly") is a resident of Snellville, Georgia.

4.    Defendant MARTA is a body corporate and/or a quasi-governmental

entity.  The mission of MARTA is to operate a rapid transit authority for

Metropolitan Atlanta, Georgia. MARTA may sue or be sued pursuant to Section

23-21-513, C.R.S.

5.    Although it has many facilities and locations, MARTA's main

facilities, and the facilities out of which Marta primarily conducts its business, are

at 2424 Piedmont Road, Atlanta, Georgia 30309.

## JURISDICTION AND VENUE

6.    The parties to this action reside in and regularly do business within the

jurisdiction of this Court. This Court has jurisdiction under 28 U.S.C. § 1331.

Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

7.    On or about August 4, 2021, Jolly filed a timely charge of race, sex,

age, and disability discrimination and retaliation with the Atlanta District Office of

the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued

Jolly a right-to-sue letter on November 22, 2022 for charge number 410-2021-

06504, a copy of which is attached hereto as Exhibit "A".

2

## GENERAL ALLEGATIONS

8.    Jolly is qualified to work as a police officer. She was employed by MARTA for more than thirteen (13) years as a Police Officer. Jolly received good evaluations throughout her years of employment as a Police Officer.

9.    Jolly applied for a position as a Police Officer at MARTA. MARTA offered Jolly the position on or about August 20, 2007.

10.    MARTA is without credible opposition to Ms. Jolly's disability, sex, age, race, ADEA discrimination and retaliation claims. Significantly, Ms. Jolly had been employed by Marta for 13 plus years as a police officer. Ms. Jolly's disability is Epilepsy. Ms. Jolly requested reasonable accommodation in August of 2017 since that period until February 10, 2021, she was not assigned to the Marta Civic Center Station). The same company that approved Ms. Jolly's fitness for duty as a MARTA police officer, now alleges that she is not fit for duty. Other questionable conduct, and occurrences, remain unanswered.

11.    It is undisputed that Ms. Jolly was employed by MARTA as a police officer for approximately thirteen (13) years. It is further undisputed that she requested a reasonable accommodation in August of 2017 (to not be assigned to the MARTA Civic Center Station). Cogently, between the time of that request and February 20, 2021, she was not assigned to that station. Likewise, it is undisputed that MARTA refused to grant her a reasonable accommodation. That refusal was

3

unlawful.  On or about February 10, 2021, MARTA was well aware of Ms. Jolly's history of epilepsy.  So, too, it was aware that certain stimuli could trigger a seizure.

12.     Further, Ms. Jolly's exposure to stimuli in enclosed places like the MARTA Civic Center Station posed a risk of triggering a seizure.  It is beyond genuine debate that epilepsy is a neurological disability.  As such, the ADA provides that an impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.  Clearly, an impairment, like here, which is episodic or in remission is a disability if it would substantially limit a major life activity when active.  *ADAAA* § 4(a).  Such is the case with Ms. Jolly.

13.     The stratagem to rob Ms. Jolly of her job was launched many months before.  Clearly, Defendant's rendition of events is belied by the many contradictory documents on the subject.

14.     Denying Ms. Jolly a reasonable accommodation on these facts constitutes direct evidence of disability discrimination.  So too, direct evidence results in an inescapable, or at least highly probable, inference that a forbidden bias was present in the challenged conduct.  Like here, direct evidence can consist of statements of discriminatory intent.

4

15.     Charging Party is an individual with a disability. She, with or without the reasonable accommodation, could and did perform the essential functions of her employment as a Marta police officer. 42 U.S.C. §12111(8). The undisputable fact that Ms. Jolly was a Marta police officer from August 2007 to April 2021 demonstrates that she possessed the appropriate educational background, employment experience, skills, licenses, etc. Contrary to MARTA's unfounded allegation that Ms. Jolly was not "qualified," the facts show that her disability coupled with her thirteen (13) plus years of on-the-job experience "qualifies" her under the ADA and other anti-discrimination laws.

16.     Defendant does not, and cannot, contest that Ms. Jolly is a member of several protected classes based on her disability, sex, race, and age.

17.     As established above, Ms. Jolly has made it abundantly clear, that she was refused a reasonable accommodation or offered another position and terminated her, by MARTA, in violation of the Title VII, ADEA, ADA ,the Rehabilitation Act and retaliated against her for engaging in protected activities.

## CLAIM FOR RELIEF

## COUNT I

### (Violation of the Rehabilitation Act)

18.     The foregoing paragraphs are realleged and incorporated by reference herein.

5

19.     MARTA is an entity that receives federal financial assistance and is a covered entity for purposes of § 504 of the Rehabilitation Act. As such, MARTA is prohibited from discriminating against any "qualified individual with a disability."

20.     Jolly is, and was at all times pertinent hereto, a qualified individual with a disability. Specifically, she was qualified to perform the essential functions required of a Police Officer, with or without a reasonable accommodation.

21.     Jolly's particular disability is epilepsy, which substantially limits one or more of her major life activities and/or major bodily functions.

22.     MARTA violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by terminating Jolly because of her actual disability, her perceived disability, or her record of impairment.

23.     As a result of MARTA's actions, Jolly has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

24.     Jolly is entitled to her attorneys' fees and costs incurred in this matter pursuant to 29 U.S.C. § 794a.

25.     Jolly is further entitled to any and all relief permitted under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, including equitable relief.

## COUNT II

**(Violation of the Americans with Disabilities Act)**

6

26.    The foregoing paragraphs are realleged and incorporated by reference herein.

27.    Jolly is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that she has epilepsy, MARTA perceives her to have a disability, she has the requisite education to perform and can perform the essential functions of a Police Officer, and either held or desired to hold a position as a Police Officer.

28.    MARTA is an "employer" within the meaning of 42 U.S.C. § 12111(5) in that it is engaged in an industry affecting commerce and has more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. § 12111(5).

29.    Jolly was an employee of MARTA within the meaning of 42 U.S.C. § 12111(4).

30.    Prior to and at the time that MARTA either terminated Jolly's employment or failed to hire her, Jolly was qualified for employment as a Police Officer.

31.    On April 1, 2021, due to Jolly's actual or perceived disability, MARTA either terminated her employment or failed to hire her. 42 U.S.C. § 12112(a). Specifically, MARTA's discriminatory actions included, but were not limited to (1) limiting, segregating, or classifying Jolly in a way that adversely

7

affected her opportunities or status because of her actual or perceived disability within the meaning of § 12112(b)(1); (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (3) not making reasonable accommodations for the known physical limitations of Jolly, an otherwise qualified individual with a disability who was an applicant or employee, despite the fact that doing so would not impose an undue hardship on the operation of MARTA's business within the meaning of § 12112(b)(5)(A); (4) denying employment opportunities to Jolly based on MARTA's need to make reasonable accommodations for her physical impairments within the meaning of § 12112(b)(5)(A); and (5) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of § 12112(b)(6).

32.     Jolly has been damaged by MARTA's violation of the ADA inasmuch as Jolly has been unable to use her education and training as a Police Officer and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

33.     Jolly is entitled to her attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

34.     Jolly is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## COUNT III

### (Racial Discrimination in Violation of Title VII of
### The Civil Rights Act of 1964, 42 USC 2000e. *et seq*.)

35.     The foregoing paragraphs are realleged and incorporated by reference herein.

36.     The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretexted to hide the Defendant's discriminatory animus.

## COUNT IV

### (Age Discrimination in Violation of the Age
### Discrimination in Employment Act (ADEA) 29 USC § 621)

37.     The foregoing paragraphs are realleged and incorporated by reference herein.

38.     The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## COUNT V

### (Reprisal for Engaging in Protected Activities)

39.    The foregoing paragraphs are realleged and incorporated by reference herein.

40.    The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII, ADA and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

## COUNT VI

### (Violations of TITLE VI, Retaliation)

41.    The foregoing paragraphs are realleged and incorporated by reference herein.

42.    MARTA has discriminated against Jolly by terminating her for, *inter alia*, engaging in Protected activities and denying her reasonable accommodation for her disability, causing occupational stress, in violation of the Civil Rights Act of 1964, as amended, 42 USC 2000 *et seq*, the Rehabilitation Act and the ADA.

43.    MARTA has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Jolly.

44.    By reason of MARTA's discrimination, Jolly is entitled to all legal and equitable remedies available under the Rehabilitation Act.

10

## COUNT VII

### ( 42 USC §1981a(b) Hostile and Abusive Working Environment)

45.    The foregoing paragraphs are realleged and incorporated by reference herein.

46.    The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, Rehab Act, the ADA, and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

### Prayer for Relief

WHEREFORE, the Plaintiff requests that the Court award her:

(a)    A retroactive promotion to the next level, with all attendant back pay, benefits and other emoluments of employment;

(b)    all compensatory and punitive damages suffered because of the discrimination and retaliation, allowed under the applicable laws;

(c)    front pay at the appropriate pay level (including pay increases) until she reaches the age  when she could have retired from service but for MARTA's discriminatory/retaliatory treatment of her;

(d)    costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and

(e)    other damages and further relief as deemed just.

11

## **JURY DEMAND**

The Plaintiff requests trial by jury.


This 19th day of February 2023.

Respectfully submitted,


/s/ Carlton R. Stewart

**THE STEWART FIRM, LLC**          **Carlton R. Stewart**
3355 Lenox Road                    Georgia Bar No. 681075
Suite 1000
Atlanta, GA 30326
404-250-3287 – Tel.
404-504-7004 - Fax


**Attorneys for Plaintiff**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| STACY JOLLY | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| Metropolitan Atlanta Rapid Transit Authority | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Metropolitan Atlanta Rapid Transit Authority
2424 Piedmont Road NE
Atlanta,GA 30324-3311
ATTN; Peter J. Andrews,Esq, General Counsel Marta

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

                         Carlton R. Stewart,Esq
                         The Stewart Firm,LLC
                         3355 Lenox Road, Suite1000
                         Atlanta, Ga 30326

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ 02/18/2023 _____

_____
*Signature of Clerk or Deputy Clerk*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website:

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/22/2022



**To:** Stacy Jolly
4064 Hudders Field Dr.
Snellville, GA 30039
Charge No: 410-2021-06504

EEOC Representative and email:     Michelle Wright
Investigator
michelle.wright@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2021-06504.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
11/22/2022
Darrell Graham
District Director

**Cc:**
Duane  Pritchett
2424 PIEDMONT RD NE
Atlanta, GA 30324

Duane Pritchett
MARTA
2424 Piedmont Road, N.E.
Atlanta, GA 30324

Carlton Stewart
THE STEWART FIRM, L.L.C.
3355 Lenox Road, Suite 1000
Atlanta, GA 30326


Please retain this notice for your records.